PHILLIP R. MORGAN S.B.N 99979
pmorgan@baylegal.org
ROBERT P. CAPISTRANO S.B.N. 70382
bcapistrano@baylegal.org
BAY AREA LEGAL AID
1035 Market Street, 6th floor
San Francisco, CA 94103
Tel.: (415) 982-1300
Fax: (415) 982-4243

BRANCART & BRANCART
Christopher Brancart S.B.N. 122092
cbrancart@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel.: (650) 879-0141
FAX: (650) 879-1103


Attorneys for Plaintiff
EMMA WILLIAMS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA WILLIAMS, <br><br> Plaintiff, <br><br> vs. <br><br> FILLMORE CENTER ASSOCIATES, LP, A CALIFORNIA LIMITED PARTNERSHIP, AND LARAMAR APARTMENTS, A DIVISION OF LARAMAR GROUP, LLC, <br> Defendants. | No. C 12 5285 <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES (42 USC §§1982, 3604; Cal. Govt. Code § 12927; Cal. Civ. Code § 51) |

## I. INTRODUCTION

1.    Plaintiff Emma Williams is an 84 year old Black woman who was denied the right to rent an apartment at the Fillmore Center Apartments complex in San Francisco because of her race.

A former resident of the Fillmore Center who had moved to Marin County to live with her daughter, Plaintiff wanted to return to her home city to be closer to her family, friends, and her doctor.

2.     Ms. Williams was denied an apartment on the pretext that she owed the Fillmore Center some $4,000 from her previous tenancy. Yet Ms. Williams denies owing anything, and in response to her request for evidence of explaining how these charges occurred, the management of the complex was unable to produce any evidence whatsoever.

3.     To probe the motives for the denial of housing, fair housing testers were sent to the Fillmore Center complex. The testing confirmed that Caucasian and Black applicants for housing were treated differently. For example, posing as an applicant for housing, the White tester was quoted a lower monthly rental payment than the Black tester, and received a follow-up e-mail from the complex management, unlike the Black tester. A second test conducted four months later confirmed that Black applicants were treated differently than White applicants.

4.     Plaintiff accordingly seeks and injunctive, declaratory, and monetary relief against Defendants Fillmore Center Associates, LP and Laramar Apartments for discrimination on the basis of race or color in the ownership and operation of the Fillmore Center Apartments in violation of the federal Fair Housing Act and related state laws.

## II. JURISDICTION AND VENUE

5.     Jurisdiction is conferred on the Court by 28 U.S.C. Section 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal law claims and arise out of a common nucleus of

related facts. Plaintiff's state law claims are part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(e) in that the events or omissions on which plaintiffs' federal law claim is based occurred in the City and County of San Francisco.

Intradistrict Assignment

7.      The claims alleged herein arose in the County of San Francisco. This action is properly assigned to either the Oakland or San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule 3-2(d).

III. PARTIES

8.      Plaintiff Emma Williams is a senior citizen and a low-income Black resident of Marin City, California. She is a citizen of the United States. Ms. Williams was a prospective tenant of the Fillmore Center and was injured by the defendants' discriminatory housing practices.

9.      Defendant Fillmore Center Associates, LP ("Fillmore Center"), a California limited partnership, owns an apartment complex which is known as the Fillmore Center located in San Francisco, California.

10.     Defendant Laramar Apartments is the management company for the defendant Fillmore Center, and is a division of the Laramar Group, LLC, a Delaware corporation headquartered in Chicago, Illinois.

IV. STATEMENT OF FACTS

A. EMMA WILLIAMS

12.     On or about September 27, 2011, Plaintiff and her granddaughter were looking to move into an apartment in the vicinity of the Western Addition Fillmore neighborhood of San

Francisco, California. Ms. Williams had lived at the Fillmore Center previously and appreciated its proximity to shopping, her doctors and her granddaughter's school.

13.    Plaintiff also knew that Fillmore Center had below market rents and would agree to accept a Section 8 Housing Choice Voucher rental subsidy, for which Ms. Williams qualified because of her limited income. This subsidy would be paid to Ms. Williams' landlord on her behalf.  She made an appointment to be shown apartments on September 27, 2012  and was told to bring a money order for a credit check in the amount of $40.00 made payable to Fillmore Center.

14.    The Plaintiff was shown several units  by the leasing consultant for Laramar Apartments, Dustin Slough, as well as an apartment at 1755 O'Farrell Street, #611 in the Fillmore Center Complex.  Plaintiff informed defendant Laramar Apartments that she wanted to rent that unit on O'Farrell Street.

15.    Defendant Laramar informed Plaintiff that she could rent the O'Farrell Street apartment and told Plaintiff she could pay a security deposit to secure the apartment.

16.    On or about October 22, 2010 Plaintiff gave Defendant Laramar Apartments a security deposit to rent the unit in the amount of $2,000.00 as well as the money order of $40.00 for the credit check.

17.    Yet after her deposit was accepted, on October 30, 2012, Ms. Williams was told by Dustin Slough of Laramar Apartments that she could not rent the apartment because she owed $4,000 for some unspecified reason from a previous tenancy.

18.    However, Plaintiff owed no such debt and in response to Ms. Williams' request therefore, Defendants produced no evidence of the alleged debt other than a credit report which simply

stated the bald amount supposedly due. The Fillmore Center has admitted that it has no documents which show that Plaintiff owed the Fillmore Center any amount.

19.     Plaintiff believes that this was a pretext and that Defendants wrongly refused to rent to her based on her race.

## B. FAIR HOUSING TESTERS INVESTIGATION

20.     Plaintiff's allegations were investigated, in part, through the use of fair housing testers. That testing showed the defendants, acting through their agents, treated white applicants for housing less favorable then black applicants.

21.   On or about November 19, 2011, a Caucasian tester and a Black tester went to the Fillmore Center and separately expressed an interest in renting a two bedroom apartment. Both testers met with employees of Defendant Laramar Apartments.

21.     The Black tester had an appointment but was kept waiting. He was shown the one apartment available and was told the rent was $3,195 per month. Afterwards, there was no follow-up on the tour.

22.     In contrast, the White tester was not kept waiting and was seen right away. He was shown two apartments, told that there were more than three apartments available and that the monthly rent would be approximately $3,000. Afterward, he received a follow-up email from Defendant Laramar Apartments to inquire how his apartment search was going.

23.     On or about March 22, 2012, a second group of testers went to the Fillmore Center and expressed an interest in renting a one bedroom apartment. The White tester was told that the deposit for a one bedroom unit was $1000.

24.     In contrast, the Black tester was told that the deposit would be $1,500.

25.     Moreover, while the White tester was told that the rents for a 5th floor apartment ranged from $2,035 to $2,099 per month, the Black tester was told that rent ranged from $2,195 to $2,295.

## C. PLAINTIFF'S INJURIES

26.     Defendants knew and should have known that Black people were systematically denied housing or treated differently because of their race or color.

27.     Acting individually or in concert, Defendants committed the following discriminatory housing practices:

    a.   Refusing to rent a dwelling or refusing to negotiate with a person who has made a bona fide offer to rent because of race or color.

    b.   Failing to accept a bona fide offer to rent because of race or color.

    c.   Using different criteria, or rental standards or other requirements with respect to the rental of a dwelling, because of race or color.

    d.   Failing to process an offer for the sale or rental of a dwelling because of race or color.

    e.   Restricting or attempting to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, or renting a dwelling so as to discourage or obstruct choices in a community, neighborhood or development.

    f.   Denying or delaying the processing of an application made by a renter or refusing to approve such a person for occupancy in a dwelling because of race or color.

    g.   Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection, sale or rental, because of race or color.

h.  Providing false or inaccurate information regarding the availability of a dwelling for rental to any person, including testers, regardless of whether such person is actually seeking housing, because of race or color.

i.  Interfering with persons in the exercise or enjoyment of rights granted or protected by the fair housing laws.

29.  Based on information and belief, plaintiff alleges that each defendant, Fillmore Center and Laramar Apartments was the agent of each other defendant, acting in the course and scope of that agency, when each of the discriminatory housing practices alleged herein was committed any one defendant.

30.  As a proximate result of the aforesaid racial discrimination against Ms. Williams, she has suffered deprivation of her civil rights, humiliation, emotional distress, and has to continue to rent an apartment in an area which is not close to shopping, transportation and a great distance from plaintiff's doctors and her granddaughter's school.  As a result, Ms. Williams is entitled to compensatory damages.

31.  In performing the acts in this complaint, defendants acted with reckless disregard of the rights of plaintiff.  Accordingly the plaintiff is entitled to punitive damages.

32.  There now exists an actual controversy between the parties regarding defendants' duties under federal, state and municipal laws.  Accordingly, the plaintiff is entitled to declaratory relief.

33.  Unless enjoined, defendants will continue to engage in unlawful acts and the pattern or practice of harassment, discrimination, and unlawful conduct described in this complaint. Plaintiff has no adequate remedy at law.  Plaintiff is now suffering and will continue to suffer

irreparable injury from defendants' acts and their patter or practice of discrimination on the basis of race or color unless relief is provided by this Court.

## V. CLAIMS

### A. FIRST CLAIM.

[Fair Housing Act]

34.     Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

35.  Defendants injured plaintiff by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

### B. SECOND CLAIM

[Civil Rights Act]

36.     Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

37.     Defendants injured plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982.

### C. THIRD CLAIM

[California Fair Employment and Housing Act]

38.     Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

39.    Defendants injured the Plaintiffs by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955, et seq.

## D. FOURTH CLAIM

### [California Unruh Civil Rights Act]

40.    Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

41.    Defendants injured Plaintiff Emma Williams by discriminating against her because of race or color in the ownership or operation of Fillmore Center Apartments, a business establishment, in violation of the Unruh Civil Rights Act, California Civil Code §§51 and51.9. In addition to other remedies, Plaintiff is entitled to statutory damages of at least $4,000 for each violation proved.

## E. FIFTH CLAIM

### [Negligence]

42.    Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

43.    Defendants injured Plaintiff by want of ordinary care or skill in the ownership or management of their property, person, or agents, or in failing to train and supervise their agents to comply with the applicable fair housing laws, in violation of California Civil Code § 1714.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment against the defendants, and each of them, that:

1. Awards compensatory and punitive damages according to proof.

2. Awards compensatory damages against each defendant pursuant to the Unruh Civil Rights Act;

3. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

4. Enjoins all unlawful practices complained of herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless or their race or color;

5.      Awards costs of this action, including reasonable attorneys' fees; and

6.      Awards such other and further relief as the Court Deems just.

Dated:  October 12, 2012                    BRANCART & BRANCART

                                            BAY AREA LEGAL AID


                                            By: _____
                                                 Attorneys for Plaintiff